OPINION
{¶ 1} This appeal arises from the Ashtabula County Court of Common Pleas wherein, appellant was charged with twenty-four counts of rape, each with a force specification and a forfeiture specification.
 {¶ 2} Over a period of approximately a year and a half, appellant repeatedly forced his eight-year-old daughter to engage in various sexual behavior. Appellant admitted that there were at least sixty incidences in all, which included vaginal and anal intercourse, digital penetration, fellatio, cunnilingus, as well as the insertion of various objects into the child's vaginal cavity. Most of the incidents occurred in the evening after appellant sent his wife and other daughter out on errands.
 {¶ 3} The daughter confided in her mother but was ignored. The child finally discussed her situation with a teacher at her Sunday school, at which time a full investigation was conducted. The child underwent a physical examination which revealed permanent injuries, including bleeding from the anus, loss of sphincter control, and an abnormally large vaginal area.
 {¶ 4} On July 6, 2000, appellant was indicted on twenty-four counts of rape. A force specification was included on each count, as the grand jury found that appellant compelled the victim to submit by force or threat. Each count also included a forfeiture specification, requiring appellant to forfeit his right, title, or interest in computers and computer accessories which were alleged to be involved in illegal activity.
 {¶ 5} Appellant was arraigned on July 10, 2000, at which time he entered a plea of "not guilty" to all counts. On January 3, 2001, appellant withdrew his "not guilty" plea and entered a plea of "guilty" to all twenty-four counts of rape with the forfeiture specifications but not the force specifications.
 {¶ 6} A sentencing hearing was held on March 16, 2001. A sexual predator hearing was held at that time, and the trial court found there was not clear and convincing evidence that appellant was a sexual predator. Appellant was found to be a sexually oriented offender. The trial court subsequently sentenced appellant to a term of six years each on counts one through six and counts nineteen through twenty-four of the indictment, to be served concurrently with each other. The court then sentenced appellant to a term of six years each on counts seven through eleven of the indictment, to be served concurrently with each other and consecutively with the term served under counts one through six and nineteen through twenty-four. Appellant was then sentenced to a term of six years each on counts twelve through fifteen to be served concurrently with each other and consecutively with the term served under counts one through six and nineteen through twenty-four and counts seven through eleven. Finally, appellant was sentenced to a term of six years each on counts sixteen through eighteen to be served concurrently with each other and consecutively with the term served under counts one through six and nineteen through twenty-four, counts seven through eleven, and counts twelve through fifteen. Thus, appellant was sentenced to a twenty-four year mandatory prison term pursuant to R.C. 2929.13(F) and 2929.14(D)(3).
 {¶ 7} Appellant subsequently filed his notice of appeal, ultimately citing five assignments of error. The first assignment of error is:
 {¶ 8} "The sentence imposed was contrary to law in that the court did not consider certain statutorily prescribed factors in sentencing the defendant."
 {¶ 9} Appellant contends that the trial court failed to consider his ability to be rehabilitated, pursuant to R.C. 2929.11, before issuing sentence. Specifically, appellant argues that the psychologist's report by Dr. Mary J. Niebauer, admitted as "Court's Exhibit A" at the sentencing hearing, stated that appellant "does not appear to be likely to engage in sexual offending in the future." Appellant argues that, based on this psychological report and R.C. 2929.11, the trial court's twenty-four year sentence was contrary to law.
 {¶ 10} Appellant relies on R.C. 2929.11(A), relating to the purposes of felony sentencing, which reads:
 {¶ 11} "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime,rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." (Emphasis added.)
 {¶ 12} A review of the transcript from the sentencing hearing reveals that the trial court properly sentenced appellant in accordance with the "overriding purposes of felony sentencing" as set forth in R.C.2929.11. The trial court addressed the report by Dr. Niebauer and, yet, concluded, based upon the pediatrician's report, the duration of the abuse, the frequency of the abuse, and the multiple methods utilized to abuse the child, that a mandatory sentence of twenty-four years was required. We agree.
 {¶ 13} The psychologist's report is not dispositive on its face. The trial court must take all of the available evidence into consideration when handing down a felony sentence.
 {¶ 14} Appellant also contends that the trial court failed to take into consideration any factors which would serve to mitigate his conduct.[1] Appellant also cites the factors set forth in R.C.2929.12(E)(1) through (5), which are to be applied in making a determination as to whether an offender is likely to commit future crimes. Those factors include:
 {¶ 15} "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 {¶ 16} "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 {¶ 17} "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 {¶ 18} "(4) The offense was committed under circumstances not likely to recur.
 {¶ 19} "(5) The offender shows genuine remorse for the offense."
 {¶ 20} Appellant contends that the trial court never considered any mitigating factors in his case. Specifically, appellant states that he was suffering from "mental conditions which influenced his behavior." He also argues that he was under "a great deal of pressure at work" and was doing "additional work in the evenings" which, although did not excuse his conduct, should have served to mitigate the seriousness of his conduct. Appellant also argues that the fact that he had no past criminal record, as a juvenile or an adult, should have been considered as mitigating factors.
 {¶ 21} A review of the record reveals that the trial court clearly did look toward any mitigating factors before imposing sentence. The court recognized the fact that appellant had no prior criminal record. The court also recognized that appellant was working in a skilled position for some time. Moreover, the court addressed the fact that appellant suffered from bipolar disorder. It was after reviewing these factors that the court went on to cite several other reasons that necessitated the twenty-four year sentence despite any of these mitigating factors, including the nature and duration of the abuse and the long-term effect of the abuse on appellant's daughter. Thus, it is clear the court looked toward mitigating factors and balanced those with the other overwhelming evidence before imposing sentence.
 {¶ 22} We find that the sentence handed down by the trial court was not contrary to law, and appellant's first assignment of error is without merit.
 {¶ 23} The second assignment of error is:
 {¶ 24} "There was no clear and convincing evidence that the sentences imposed should run consecutively."
 {¶ 25} In his first issue presented under his second assignment of error, appellant argues that the court failed to state its reasons for imposing consecutive sentences.
 {¶ 26} A court may impose consecutive sentences when it makes the requisite findings set forth in R.C. 2929.14(E)(4). Moreover, the court must state the specific reasons for its findings on the record.[2]
R.C. 2929.14(E)(4) reads:
 {¶ 27} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 28} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 29} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 30} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 31} In the instant case, the transcript of the sentencing hearing reveals that the trial court complied with both R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2) when it imposed consecutive sentences. The court found, pursuant to R.C. 2929.14(E)(4)(b), that the consecutive sentences were not disproportionate to the seriousness of appellant's conduct, and that the multiple offenses were so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of his conduct. Specifically, the court stated:
 {¶ 32} "There's six counts here of digital penetration in the vaginal cavity; *** There's three counts of cunnilingus; *** There's another two counts of fellatio; *** There's five counts here of vaginal intercourse, penal insertion. There's three counts here of inserting plastic pieces into the vaginal cavity of this young girl. Another count of inserting a vibrator into the vaginal cavity. Another count of inserting a dildo into the vaginal cavity, and there was even evidence that [appellant] had obtained a lubricant.
 {¶ 33} "So this was planned. This wasn't something that just happened. And it happened almost on a daily basis.
 {¶ 34} "It was, and the last count of this indictment alleged insertion of the eyeglasses, the temple plates into the vaginal cavity. Outrageous. Just outrageous."
 {¶ 35} The court also found subsequently that consecutive sentences were necessary to protect the public from future crime and to punish appellant:
 {¶ 36} "[A]s I go through these notes, it's heart-wrenching to read this Presentence Investigation Report. The report of these events occurred almost every night. The father would send the mother out on false errands. Child reported her breasts, her nipples were sore and hurt from the pinching and fondling, her private parts, her vaginal area, her anus.
 {¶ 37} "It's true [appellant] doesn't have any prior record. That doesn't count for too much because you've got 24 counts you're convicted on here. By your own admission here, it probably happened 40 to 60 times, so for the Court to sit here and say you've got no prior record, this isn't the first offense. It is the first time you got caught but not the first offense."
 {¶ 38} Thus, it is clear from the record that the court followed the statutory guidelines for determining that consecutive sentences should be imposed and adequately stated its reasons on the record.
 {¶ 39} In his second issue for review, appellant contends that there was no clear and convincing evidence that his sentences should run consecutively. Appellant argues that there was undisputed evidence before the court regarding his mental health issues and that psychological reports revealed that he was able to be rehabilitated. Appellant also refers to the fact that he has had a solid work history and he cooperated fully with authorities. Thus, appellant concludes that the trial court disregarded this evidence and imposed consecutive sentences absent clear and convincing evidence.
 {¶ 40} At a sentencing hearing, the trial court must find, by a preponderance of the evidence, that consecutive sentences should be imposed.[3] Upon review, this court may modify, vacate, or remand a cause for resentencing only if we find, by clear and convincing evidence, that the trial court did not follow the statutory procedure.[4]
 {¶ 41} In the instant case, there is evidence, in the form of a psychologist's report, which indicates that appellant may not reoffend. However, the trial court is not bound to accept the results of the psychologist's report, even when uncontradicted, when there is an objective basis for rejecting them. In this instance, the trial court had before it contradictory evidence which supports the imposition of consecutive sentences. Namely, as noted supra, the trial court relied on a myriad of other evidence including the physical and psychological impact on the child as well as the nature and duration of the abuse.
 {¶ 42} Regarding the evidence of appellant's mental condition and lack of prior history, the record reveals the trial court took those into consideration as mitigating factors but found that the evidence supported the imposition of consecutive sentences. Thus, the trial court's imposition of consecutive sentences was supported by the evidence, and appellant's second assignment of error is without merit.
 {¶ 43} The third assignment of error is:
 {¶ 44} "The court erred in not making a finding as to the allegations of Dr. Lancaster in the presentence report."
 {¶ 45} Appellant argues that the trial court erred in not making a finding as to the alleged factual inaccuracy in the presentence investigation report. Specifically, appellant objects to the following statement made by the state during the sentencing hearing regarding a pediatric report referred to in the presentence investigation report:
 {¶ 46} "Your Honor, when [the victim] was examined by a pediatrician, it was determined that her vaginal opening was more than double that of a normal girl her age and that she had severe problems with her rectum and actually had no sphincter control at all."
 {¶ 47} This statement was objected to by defense counsel at the hearing because that information was not contained in the presentence report. The trial court overruled defense counsel's objection. Appellant now argues that the trial court erred in not making a finding as to the allegation, particularly when the matter was taken into account as part of the sentencing.
 {¶ 48} Pursuant to R.C. 2951.03(B)(5):
 {¶ 49} "(5) If the comments of the defendant or his counsel, the testimony they introduce, or any of the other information they introduce alleges any factual inaccuracy in the presentence investigation report or the summary of the report, the court shall do either of the following with respect to each factual inaccuracy:
 {¶ 50} "(a) Make a finding as to the allegation;
 {¶ 51} "(b) Make a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant."
 {¶ 52} At the sentencing hearing, when defense counsel objected to the statement, the trial court responded, "Well, overruled. I'm going to let the prosecutor make a statement, and I'm going to confine myself to the information that was in the Presentence Report. And counsel for both parties have had an opportunity to review that."
 {¶ 53} Later in the hearing, when imposing sentence, the trial court stated, "Dr. Lancaster reported this girl bled for over a year period of time. She's got no sphincter control. Her vaginal area is the size of an adult." Thus, the trial court did take the information into account although there was a dispute as to whether it was in the presentence report. However, we find that, presuming that the trial court never made a finding as to whether the information was contained in the presentence report, the trial court's mention of the material during sentencing is harmless error. A failure to make a finding under R.C.2951.03(B)(5) has been found to be harmless error if the record demonstrates that the trial court's findings would not be affected by the alleged inaccuracies in the presentence report.[5]
 {¶ 54} Appellant's third assignment of error is without merit.
 {¶ 55} The fourth assignment of error is:
 {¶ 56} "The trial court erred when it sentenced the appellant to a term of incarceration greater than the minimum term without making the required findings on the record that the minimum term would demean the seriousness of the offense or not adequately protect the public."
 {¶ 57} In his fourth assignment of error, appellant argues that the trial court erred in imposing a prison term that is longer that the statutory minimum without making the required findings on the record.
 {¶ 58} Pursuant to R.C. 2929.13(F):
 {¶ 59} "[T]he [trial] court shall impose a prison term or terms *** for any of the following offenses:
 {¶ 60} "***
 {¶ 61} "(2) Any rape, regardless of whether force was involved and regardless of the age of the victim[.]"
 {¶ 62} The length of imprisonment to be imposed for a first degree felony is set forth in R.C. 2929.14(A), which states, in pertinent part:
 {¶ 63} "(A) [I]f the court imposing a sentence upon an offender for a felony *** is required to impose a prison term on the offender ***, the court shall impose a definite prison term that shall be one of the following:
 {¶ 64} "(1) For a felony in the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years."
 {¶ 65} Moreover, a court must impose the shortest prison term authorized for that offense unless "the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."[6]
 {¶ 66} The Supreme Court of Ohio has held that, "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more that the minimum authorized sentence."[7] This court has repeatedly followed the Edmonson holding, that the court need not give underlying reasons for finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes.[8]
 {¶ 67} In the instant case, the trial court stated on the record that it was not imposing the shortest sentence, "because the Court does find that the shortest sentence would demean the seriousness of [appellant's] conduct. I think I've already made plenty of comments about what that was and that it wouldn't adequately protect the public by future crime from [appellant]."
 {¶ 68} Thus, the trial court properly followed the R.C. 2929.14(B) and the holdings of this court in sentencing appellant to a term longer than the minimum sentence.
 {¶ 69} Appellant also argues, in the second issue under his fourth assignment of error, that the standards imposed by R.C. 2929.14(B) are unconstitutionally vague. Specifically, appellant contends that the language "demean the seriousness of the offender's conduct" and "adequately protect the public from future crime" as well as the factors set forth in R.C. 2929.14(C) do not state with sufficient clarity the consequences of violating a given criminal statute.
 {¶ 70} A review of the record, including the transcript of the sentencing hearing, reveals that appellant did not raise this constitutional argument at the trial court. Failure to raise an apparent constitutional claim at trial operates as a waiver of that claim.[9] An appellate court has discretion to review a claim that was not raised at the trial level.[10] However, "`that discretion will not ordinarily be exercised to review such claims, where the right sought to be vindicated was in existence prior to or at the time of trial.'"[11] Appellant had the opportunity to raise the issue of the constitutionality of R.C. 2929.14
at the trial level and chose not to exercise that opportunity. Therefore, appellant has waived his constitutional argument.
 {¶ 71} Appellant's fourth assignment of error is without merit.
 {¶ 72} The fifth assignment of error is:
 {¶ 73} "The Appellant was denied effective assistance of counsel guaranteed by the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution."
 {¶ 74} Appellant argues in his fifth assignment of error that defense counsel was ineffective by failing to object to the state's prosecutorial misconduct. Specifically, appellant takes issue with the following comments made by the prosecution during the sentencing hearing:
 {¶ 75} "Your Honor, the State of Ohio respectfully disagrees with Mr. Pasqualone. We indeed believe that this defendant is in fact a monster.
 {¶ 76} "And, Your Honor, we submit that when the defense and the defendant talk about how he's sorry, he feels so bad about all this. Your Honor, he was caught. He feels bad now because he was caught."
 {¶ 77} Appellant also objects to the prosecution referring to this case as the worst the state has ever seen and references made that appellant's crime was likened to that of a serial rapist or serial killer.
 {¶ 78} To establish a claim for ineffective assistance of counsel, this court has held that defendant must prove that counsel's performance fell below an objective standard of reasonable representation and prejudice arises from counsel's performance.[12] Moreover, as noted in Evid.R. 101(C)(3), evidence rules which normally govern all proceedings do not apply to sentencing proceedings.
 {¶ 79} In the instant case, the comments made by the prosecution during the sentencing hearing are not of such character that counsel's performance can be deemed to have fallen below an objective standard of representation for not objecting to them. At a sentencing hearing, "[a] court is privileged to entertain statements and receive information that might otherwise be barred."[13] Thus, because the comments were made during the sentencing hearing, under more relaxed rules of evidence, there has been no prejudice to appellant.
 {¶ 80} Appellant also contends that counsel was ineffective in not objecting to the court's opinions which were based on material not in evidence. Specifically, appellant argues that defense counsel was ineffective in not objecting to the trial court's following comments made during sentencing.
 {¶ 81} "[Appellant], you know, I don't feel you're totally insincere when you say you're sorry and you're worried about your family, but those words ring hollow now. Everybody that sits behind that sign that says defendant tells me they're sorry. There's an old adage, actions speak louder than words."
 {¶ 82} Appellant also objects to the following statement:
 {¶ 83} "It's true, [appellant] doesn't have any prior record. That doesn't count for too much because you've got 24 counts you're convicted on here. So for the Court to sit here and say you've got no prior record, this isn't the first offense. It is the first time you got caught but not the first offense."
 {¶ 84} Appellant also objects to the trial court's statement that appellant carried on his attack against his daughter "twenty four hours a day."
 {¶ 85} The foregoing comments made by the trial court during sentencing occurred during the time when the court was making the required statutory findings and was citing its reasons in support of the sentence imposed. The comments made by the court were based on the evidence presented at the hearing. During sentencing, the trial court is required to make findings prior to sentencing based on the court's feelings regarding the evidence presented.[14] Thus, no objection by defense counsel was required at that time and, therefore, defense counsel was not ineffective in failing to object to those statements made by the trial court.
 {¶ 86} The fifth assignment of error is without merit.
 {¶ 87} The judgment of the trial court is affirmed.
DONALD R. FORD, J., concurs.
[1] R.C. 2929.12(C)(4).
[2] R.C. 2929.19(B)(2).
[3] State v. Zwiebel (Aug. 29, 2000), 10th Dist. No. 00 AP 061, 2000 WL 1221017, at *5.
[4] State v. Martin (1999), 136 Ohio App.3d 355, 361.
[5] State v. Persons (Apr. 26, 1999), 4th Dist. No. 98 CA 19, 1999 WL 253527, at *3.
[6] R.C. 2929.14(B)(2).
[7] (Emphasis sic.) State v. Edmonson (1999), 86 Ohio St.3d 324,326.
[8] See, State v. South (June 23, 2000), 11th Dist. No. 98-P-0050, 2000 Ohio App. LEXIS 2768; State v. Fitzpatrick (Dec. 2, 2000), 11th Dist. No. 99-L-164, 2000 Ohio App. LEXIS 5608; State v. Kartashov (July 20, 2001), 11th Dist. No. 2000-A-0039, 2001 Ohio App. LEXIS 3285.
[9] State v. Awan (1986), 22 Ohio St.3d 120, syllabus.
[10] Id. at 123.
[11] Id., quoting State v. Woodards (1966), 6 Ohio St.2d 14, 21.
[12] State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at *30-31, quoting Strickland v. Washington
(1984), 466 U.S. 668, 687.
[13] State v. Lee (1998), 128 Ohio App.3d 710, 719.
[14] R.C. 2929.19.